# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 12-3316

———————————————

United States of America

*Plaintiff - Appellee*

v.

Frank T. Martin

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: April 11, 2013
Filed: May 13, 2013

——————————

Before RILEY, Chief Judge, BRIGHT and BENTON, Circuit Judges.

——————————

BRIGHT, Circuit Judge.

Frank Martin pleaded guilty to all five counts of a federal indictment charging him with distributing crack cocaine, being a felon in possession of a firearm, and carrying a firearm during and in relation to a drug trafficking crime. At his change of

plea hearing, the district court[1] advised Martin that he could face up to 10 years on count four for being a felon in possession of a firearm. In fact, Martin's three prior convictions for violent felony offenses triggered the Armed Career Criminal Act, 18 U.S.C. § 924(e), thereby mandating a 15-year minimum sentence on count four. The district court sentenced Martin to 180 months (15 years) on each of counts one through four and a consecutive term of 60 months (5 years) on count five, for a total of 240 months (20 years). We affirm.

## BACKGROUND

Between July 9 and July 21, 2009, an undercover Kansas City police officer and a confidential informant completed three drug transactions with Martin. After the third transaction, officers conducted a search of Martin's car, which revealed a handgun, electronic scale, marijuana, and a cellular phone used in the controlled purchases. Because one of the drug transactions occurred at Martin's residence, officers also executed a search warrant at Martin's residence and found another handgun and electronic scale. After his arrest, Martin admitted he was a felon and was in possession of a firearm and drugs at the time of his arrest.

A federal grand jury charged Martin with: knowingly distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (counts I-III); being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)[2] (count IV); and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (count V). Specific to count IV, the

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

[2]Section 924(a)(2) reads, "Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2).

indictment did not make any reference to section 924(e),[3] which mandates a minimum sentence of 15 years for a person who has three prior convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e)(1).

Martin entered a plea of not guilty to all counts of the indictment, but later requested a change of plea. At his change of plea hearing, the district court informed Martin that the range of punishment for being a felon in possession of a firearm, count IV, included imprisonment of up to 10 years, but made no mention of the 15-year statutory minimum pursuant to section 924(e). Martin pled guilty to all counts.

The Presentence Report (PSR) noted that Martin had at least three prior violent felony convictions. The PSR concluded that Martin must be sentenced to: (1) no more than 30 years on counts I-III, (2) no less than 15 years and no more than life on count IV and (3) no less than 5 years on count V. The PSR also concluded that Martin's sentence on count V must run consecutive to counts I-IV and recommended a guidelines range of 262-327 months (21.83-27.25 years). Martin did not object to the PSR.

---

[3]Section 924(e)(1) states:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned <u>not less than fifteen years</u>, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1) (emphasis added).

-3-

In his sentencing memorandum, Martin's counsel requested a total sentence of 15 years. At sentencing, Martin's counsel did not object to Martin's career offender status given his prior violent felony convictions and acknowledged that she incorrectly thought the 5-year term on count V could run concurrent to the term on count IV. Martin's counsel then requested a sentence of 10 years as to counts I-III, 15 years as to count IV and a consecutive 5 years as to count V, for a total of 20 years. The district court sentenced Martin to 15 years on each of counts I-IV to be served concurrently and 5 years on count V to be served consecutively, for a total of 20 years.

On appeal, Martin contends the district court's failure to inform him of the 15-year statutory minimum on count IV at his change of plea hearing amounted to a violation of due process and Federal Rule of Criminal Procedure 11. Martin requests that this court vacate his 20-year sentence and impose a 15-year sentence or remand for a re-sentencing with instruction that the district court impose a sentence of 10 years as to Count IV. Alternatively, Martin requests that this court vacate his guilty plea as to Count IV, a remedy he raises for the first time in his reply brief.

**DISCUSSION**

Because Martin failed to raise these issues before the district court, we review for plain error. *United States v. Gray*, 581 F.3d 749, 752 (8th Cir. 2009). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." *Id.* (quotation and citation omitted). An error is plain when it is "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citation omitted). Affecting substantial rights ordinarily means the error "affected the outcome of the district court proceedings." *Id.* (quotation and citation omitted).

The government concedes the district court committed error by failing to notify Martin of the 15-year statutory minimum on count IV. But even assuming the error is plain, such error did not affect Martin's substantial rights. The district court

sentenced Martin to a total of 20 years, a term below the recommended guidelines range and one which Martin's counsel requested at sentencing, after acknowledging the earlier misunderstanding about whether count V had to run concurrent to count IV. *See United States v. McCully*, 407 F.3d 931, 934 (8th Cir. 2005) (where defendant received a sentence at the low end of the guidelines range as requested, she cannot challenge the sentence on appeal). Further, the district court sentenced Martin to 15 years on each of counts I-IV to be served concurrently and a consecutive term of 5 years on count V. As such, Martin's sentence would remain the same at 20 years even without the 15-year term on count IV.

Although Martin did not raise the Rule 11 issue before the district court, this issue may be raised for the first time on appeal. *United States v. Young*, 927 F.2d 1060, 1061 (8th Cir. 1991) ("[C]ompliance with Rule 11 is properly raised on appeal without first being presented to the district court.") (citation omitted). Among the requirements of Rule 11, the district court must inform a defendant of any mandatory minimum penalty before accepting the plea. Fed. R. Crim. P. 11(b)(1)(I). This the district court failed to do. However, "the burden is on [Martin] to show he would have plead [*sic*] not guilty but for the Rule 11 violation." *United States v. Gray*, 581 F.3d 749, 752 (8th Cir. 2009). However, Martin makes no such showing—not before the district court or in his opening brief to this court.

Even after receiving his PSR, which put Martin on notice of the 15-year statutory minimum on count IV, Martin made no objection to the fact that no such minimum was mentioned at the change of plea hearing. At sentencing, the district court gave Martin the opportunity to voice his concerns, asking "Is there anything that you'd like to say this morning before I determine your sentence?" Martin replied, "No, sir." Martin did not object to the defective plea colloquy.

Martin's opening brief to this court is devoid of any showing that but for the Rule 11 violation, he would not have pleaded guilty. *See United States v. Todd*, 521

F.3d 891, 896 (8th Cir. 2008) ("Even in his brief on appeal, [defendant] does not assert that he would have proceeded to trial if the plea hearing had fully complied with Rule 11"). Therefore, because Martin failed to make the requisite showing, we conclude the district court did not commit plain error.

Finally, Martin asserts he received ineffective assistance of counsel. Martin claims his counsel wrongfully advised him that he would receive a total sentence of 15 years and refused to seek withdrawal of his guilty plea as to count IV despite his request. The record here provides no support for Martin's claim of ineffective assistance. This issue as to the representation Martin received is an issue which Martin did not raise and cannot raise here. *See United States v. Dubray*, 727 F.2d 771, 772 (8th Cir. 1984) (noting ineffective assistance of counsel claims are normally raised for the first time in collateral proceedings under 28 U.S.C. § 2255 because such claims require development of the facts outside the original record).

Accordingly, we affirm.

_____