# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3679

_____

United States of America

*Plaintiff - Appellee*

v.

Melvin Laducer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: June 8, 2015
Filed: July 17, 2015
[Unpublished]

_____

Before LOKEN, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Melvin Laducer pleaded guilty to two counts of aggravated sexual abuse in
violation of 18 U.S.C. §§ 2241(a)(1) and 2244(a)(3). At the same hearing, the district

court[1] sentenced him to 240 months of imprisonment. Laducer appeals, arguing only that he received ineffective assistance of counsel, which caused his guilty plea to be made unknowingly and involuntarily. Because ineffective-assistance-of-counsel claims are more appropriately raised in a motion brought under 28 U.S.C. § 2255 after development of a full record, we decline to address Laducer's claim in this direct appeal.

Laducer asserts he was not able to fully understand the terms of the plea agreement because he is unable to read or write. Two attorneys represented Laducer at separate times over the course of his proceedings. Laducer asserts he was unable to remember speaking with his initial attorney about the plea agreement, which he shared with his second attorney on the date of his hearing. He also asserts his second attorney met with him on a limited basis before the hearing to discuss his case and, as a result, Laducer was not made adequately familiar with the plea agreement terms. Because of his reliance on his second attorney's assistance to understand the terms of the plea agreement and his counsel's alleged failure to adequately convey those terms, Laducer argues his guilty plea was not made knowingly or voluntarily.

Ineffective assistance claims are normally first raised in collateral proceedings under 28 U.S.C. § 2255 because such claims require development of facts outside the original record. United States v. Martin, 714 F.3d 1081, 1085 (8th Cir. 2013). We will consider an ineffective-assistance-of-counsel claim on direct appeal only where the record has been fully developed, where inaction would amount to a plain miscarriage of justice, or where counsel's error is readily apparent. United States v. Cook, 356 F.3d 913, 919-20 (8th Cir. 2004).

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

We believe the record has not been sufficiently developed on Laducer's ability to understand the plea agreement and the number and quality of meetings each counsel conducted in the course of representing Laducer. Additionally, we do not believe a plain miscarriage of justice will occur if we do not act on the ineffective-assistance-of-counsel claim on direct appeal, and Laducer's second counsel's alleged ineffectiveness is not readily apparent from the original record.

We therefore decline to reach the merits of Laducer's ineffective-assistance-of-counsel claim and affirm the district court.

_____