# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1962
_____

United States of America

*Plaintiff - Appellee*

v.

Gregory Harrison

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: February 14, 2022
Filed: June 15, 2022
_____

Before LOKEN, COLLOTON, and SHEPHERD, Circuit Judges.
_____

LOKEN, Circuit Judge.

Gregory Harrison was charged with one count of conspiracy to commit bank fraud, eleven counts of bank fraud, and four counts of aggravated identity theft. See 18 U.S.C. §§ 1344, 1349, and 1028A(a)(1). He entered into a non-binding Plea Agreement in which he pleaded guilty to the conspiracy count and two counts of aggravated identity theft. After a change-of-plea hearing, a magistrate judge found

that the plea was knowing and voluntary. The district court[1] adopted those findings, accepted the guilty plea, adjudged Harrison guilty of the offenses, and sentenced him to 71 months imprisonment on the conspiracy count and 24 months imprisonment on each aggravated identity theft count, with the three sentences to be served consecutively, for a total of 119 months imprisonment. Harrison appeals, challenging (i) the court's compliance with Rule 11 of the Federal Rules of Criminal Procedure and (ii) the substantive reasonableness of his sentence. We affirm.

## I. Procedural History

Harrison was indicted in January 2020. After lengthy negotiations,[2] the parties signed the Plea Agreement on December 14, 2020. Paragraph C provided that Harrison would plead guilty to conspiracy to commit bank fraud, a charge that "carries a maximum sentence of 30 years in prison," and to two counts of aggravated identity theft, charges that each carry "a maximum sentence of 2 years in prison." These recitals were accurate but did not disclose that a defendant convicted of aggravated identity theft "shall . . . be sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1).

The magistrate judge conducted a change of plea hearing by video conference on December 23. In reviewing the Plea Agreement with Harrison, the court stated, consistent with Paragraph C, that the conspiracy to commit bank fraud charge "carries a maximum possible sentence of up to 30 years in prison," and each aggravated

---

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

[2]At sentencing, Harrison's counsel, an Assistant Federal Public Defender, said that he and the government "did more negotiation in this case than I recall doing in almost any other since coming to the office where I work now."

identity theft charge "carr[ies] a maximum possible sentence of up to two years in prison." The court further addressed the question of consecutive sentencing:

> [THE COURT]: Now, you should be aware that the Court can order those sentences to be served consecutively, which is one after the other for each count, or concurrently, which is on each -- one after the other. Does the Government agree those are the maximum applicable penalties?
>
> [GOVERNMENT COUNSEL]: Yes, Your Honor.
>
> THE COURT: [Defense counsel], do you agree?
>
> [DEFENSE COUNSEL]: Your Honor . . . I have advised Mr. Harrison that the identity theft charges must be consecutive to the bank fraud charge, however, the identity theft charges can run consecutive to each other --
>
> THE DEFENDANT: Concurrent.
>
> [DEFENSE COUNSEL]: Or concurrent to each other.
>
> THE COURT: Concurrent. And thank you for clarifying that. Mr. Harrison, do you understand that those are the penalties that you face if you plead guilty?
>
> THE DEFENDANT: Yes, ma'am.

On January 8, 2021, the district court accepted the guilty plea, adjudged Harrison guilty of those offenses, ordered that the sentencing hearing would be held on April 15, and established deadlines for filing the Draft Presentence Report ("PSR") (February 19), objections to the draft report (March 5), the Final PSR (April 8), and motions for departure or variance (April 8).

The Probation Office disclosed its Draft PSR to the parties on February 10. Consistent with the Plea Agreement, Paragraph 112 provided:

> **Statutory Provisions:** Count 1: The maximum term of imprisonment is 30 years. 18 U.S.C. § 1344. Counts 13 and 15: The maximum term of imprisonment is 2 years on each count. 18 U.S.C. § 1028A(a)(1).

On March 3, the parties filed an Amended Plea Agreement in which Paragraph C was amended to correctly provide: "Each [Aggravated Identity Theft] charge carries a mandatory sentence of 2 years in prison." The Amended Plea Agreement recites that it was signed by defense counsel on February 1 -- before the Draft PSR was disclosed -- was signed by Harrison on March 2 -- the same day he filed objections to the Draft PSR that did not include an objection to Paragraph 112 -- and was signed by the government on March 3. The Final PSR included the Probation Officer's Response to Harrison's objections and was timely filed on April 8.

## II. The Rule 11 Issue

Rule 11 of the Federal Rules of Criminal Procedure "ensure[s] that a guilty plea is knowing and voluntary, by laying out the steps a trial judge must take before accepting such a plea." United States v. Vonn, 535 U.S. 55, 58 (2002). Rule 11(b)(1) provides in relevant part: "[b]efore the court accepts a plea of guilty . . . . the court must inform the defendant of, and determine that the defendant understands . . . (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release; (I) any mandatory minimum penalty . . . ."

**A.** Harrison argues for the first time on appeal that the magistrate judge's change-of-plea colloquy failed to inform Harrison that a violation of 18 U.S.C. § 1028A(a)(1) would subject him to a mandatory two-year sentence, as Rule

11(b)(1)(I) requires. The government concedes that § 1028A(a)(1) imposes a "mandatory minimum penalty" within the meaning of Rule 11(b)(1)(I).

A defendant who fails to object to the Rule 11 colloquy in the trial court "has the burden to satisfy the plain-error rule and [the] reviewing court may consult the whole record when considering the effect of any error on substantial rights." Vonn, 535 U.S. at 59; see United States v. Haubrich, 744 F.3d 554, 558 (8th Cir. 2014). Thus, a defendant who seeks reversal on the ground that the district court committed plain Rule 11 error "must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). Relief for a Rule 11 violation under this plain-error standard "will be difficult to get, as it should be." Id. at 83 n.9.

Harrison never attempted to withdraw his plea in the district court. And on appeal, he does not assert he would have withdrawn the plea and proceeded to trial absent the court's alleged Rule 11 error. Instead, he argues that, because the Supreme Court used the term "entered the plea" in Dominguez Benitez, all he need show "is a reasonable chance he would not have entered *this particular plea*" if he had been advised that two years is the mandatory minimum punishment for his § 1028A(a)(1) violations. This interpretation of Dominguez Benitez is contrary to controlling Eighth Circuit precedent: "the burden is on [the defendant] to show *he would have plead[ed] not guilty* but for the Rule 11 violation." United States v. Martin, 714 F.3d 1081, 1084 (8th Cir. 2013) (emphasis added). In Martin, as in this case, the alleged Rule 11 error was failure to inform the defendant of a mandatory minimum penalty.

Thus, Harrison has failed to meet his burden to show that the alleged Rule 11 plain error "affects [his] substantial rights." Fed. R. Crim. P. 52(b). The entire record, which we must consider, reflects an obvious reason why Harrison does not argue that he would not have pleaded guilty had the magistrate judge complied with Rule 11(b)(1)(I). When the district court accepted Harrison's guilty plea, the

government dismissed 13 counts that reduced his statutory imprisonment exposure by over 300 years and his statutory fine exposure by over $10 million. Harrison's appeal briefs do not argue he would not have pleaded guilty, only that he could have "tried to negotiate a more favorable plea." He urges us to vacate the conviction and plea and remand for resentencing, which we cannot do if he fails to prove plain error. See United States v. Todd, 521 F.3d 891, 896-97 (8th Cir. 2008).

We agree with the government that Harrison's plain error argument fails. The parties entered into an Amended Plea Agreement more than one month before sentencing that correctly stated the two-year mandatory sentence for Harrison's § 1028A(a)(1) violations, and the district court at sentencing, referring to the Amended Plea Agreement, again correctly stated the mandatory minimum sentences for each count. But despite being twice advised of information required by Rule 11(b)(1)(I) that was not disclosed before he entered his plea, Harrison did not (i) object to the Final PSR, which repeated the omission; (ii) object to the magistrate judge's Rule 11 omission in his PSR objections or at sentencing; or (iii) move to withdraw his plea after signing the Amended Plea Agreement nearly *six weeks* before the sentencing hearing. Therefore, he failed to show that, but for the Rule 11 violation, he would not have pleaded guilty. See Martin, 714 F.3d at 1084; United States v. Foy, 617 F.3d 1029, 1034-35 (8th Cir. 2010).

Harrison offers three reasons to reject the government's contention. First, he argues that the information set forth in the Amended Plea Agreement could not "cure" the Rule 11 error because the mistake was repeated in the Final PSR that was filed after the Amended Plea Agreement. This argument seriously distorts the record on appeal. Harrison's trial attorney signed the Amended Plea Agreement nine days before the Draft PSR was disclosed. Therefore, Harrison's attorney *knew* the omitted Rule 11 facts *before* he saw Paragraph 112 of the Draft PSR. Harrison signed the Amended Plea Agreement more than a month later, on the same day counsel filed PSR objections that did not object to or point out the omission in Paragraph 112.

Harrison's briefs do not disclose this procedural history. Nor do they provide any explanation for how and why the Amended Plea Agreement was prepared, signed by the government the day after Harrison signed it, yet not disclosed to the Probation Officer who was tasked with preparing the Final PSR.

Second, Harrison argues that the Amended Plea Agreement should have no Rule 11 effect because he signed it "without ever having a colloquy." This contention, too, is without merit. Rule 11(b)(1) requires a colloquy "[b]efore the court accepts a plea of guilty . . . ." The Amended Plea Agreement was signed *after* Harrison's guilty plea was accepted and he was adjudged guilty of the offenses. Nothing in Rule 11 suggests that it requires post-plea colloquies. If Harrison wanted to contest whether the Amended Plea Agreement would "cure" the initial Rule 11 omission, he should have filed a motion in the district court seeking clarification of the issue. Of course, he did not do so -- such a motion would have alerted the district court to the Rule 11 problem and resulted in the court either curing the problem or allowing Harrison to withdraw the plea and stand trial on the sixteen pending charges.

Third, Harrison argues that the Amended Plea Agreement cannot eliminate his contention that the Rule 11 error violated his constitutional right that a valid guilty plea must be knowing and voluntary. Again, there is an obvious answer to this contention. A claim that a guilty plea "was unknowing or involuntary . . . would not be cognizable on direct appeal where [defendant] failed to present it to the district court in the first instance by a motion to withdraw his guilty plea." Foy, 617 F.3d at 1033-34 (cleaned up). Harrison argues that this holding is contrary to dicta in an earlier Supreme Court case, Bousley v. United States, 523 U.S. 614, 621-22 (1998). We disagree, but in any event Foy is binding on our panel.

**B.** Harrison also argues that the magistrate judge violated Rule 11 by failing to clearly advise him that the sentences for the two identity-theft charges must be imposed consecutively to the bank fraud conspiracy sentence. He acknowledges that

the magistrate judge addressed the issue of consecutive sentences, and that defense counsel "attempted" to clarify the issue. "[B]ut the magistrate judge interjected," he argues, "muddling the explanation of the consecutive sentence requirement." We have quoted the relevant colloquy. In our view, there was no "muddling." Indeed, it was Harrison himself who corrected counsel's clarification of the statutory consecutive sentencing issue. There was no plain error, and the consecutive sentencing issue was correctly explained in the Amended Plea Agreement and by the district court at sentencing. See Foy, 617 F.3d at 1034 (assuming without deciding that Rule 11 requires disclosure of "the possibility of consecutive sentencing," quoting United States v. Burney, 75 F.3d 442, 445 (8th Cir. 1996)).

### III. Substantive Reasonableness

Harrison argues that his 119-month sentence is substantively unreasonable because it is "twice the parties' joint recommendation" of 60 months. He argues the court failed to (i) adequately consider the parties' arguments for a lower sentence and (ii) explain why it imposed a 119-month sentence. We review the substantive reasonableness of a sentence, "whether within, above, or below the applicable Guidelines range," under a highly deferential abuse of discretion standard. United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). We review the district court's decision to impose consecutive or concurrent sentences for reasonableness, which is akin to the abuse of discretion standard. United States v. Byrant, 606 F.3d 912, 920 (8th Cir. 2010).

At the start of its explanation, the court stated, "I respect experienced lawyers making recommendations, essentially now a joint recommendation." It then analyzed the parties' 60 month recommendation for all three counts. Regarding the two Aggravated Identity Theft convictions, the court explained:

[O]n Count 13, I'm required to impose the 24 months consecutive to Count 1 [the bank fraud conspiracy count]; and on Count 15, 2 years, either consecutively or concurrently, with the other sentences imposed.

When we have separate harms like Counts 13 and 15, those are separate, free-standing individual aggravated identity theft crimes. I see no reason, under the circumstances of the scheme that you perpetrated here and the number of victims and the losses you've created by an extended fraudulent plan and injuring others, these sentences are going to run consecutively to one another.

This was clearly a reasonable exercise of the court's consecutive sentencing authority. See USSG § 5G1.2 comment. n.2(B); United States v. Lee, 545 F.3d 678, 680-81 (8th Cir. 2008), cert. denied, 556 U.S. 1278 (2009). Harrison does not argue otherwise.

Regarding the bank fraud conspiracy sentence, the court explained that accepting the parties' 60 month recommendation, and imposing consecutive Aggravated Identity Theft sentences, would allot only 12 months imprisonment for that offense. The court explained that 12 months was "not even close to a realistic sentence" for that offense. "I've studied this case carefully, and I think a more severe sentence is necessary." "What I do view as being sufficient on [the conspiracy count] is a guideline range sentence" of 71 months imprisonment, to be served consecutively to the two Aggravated Identity Theft sentences, resulting in a 119-month sentence for all three counts.

The court's lengthy explanation provided ample justification for imposing a sentence well in excess of the parties' joint recommendation. The court carefully considered the relevant 18 U.S.C. § 3553(a) factors in imposing a within-guidelines sentence for Count 1 and consecutive mandatory sentences for Counts 13 and 15. The court carefully reviewed Harrison's criminal history and characteristics, which involved an "unusually high number of [prior] felonies" (eleven); Harrison's

leadership role in a highly sophisticated, extensive scheme that impacted the lives of his many identity theft victims; and the need for the sentence to reflect the seriousness of the offense. In response to Harrison's argument that the recommended 60 month sentence was appropriate because the offenses were attributable to his addiction to methamphetamine, the court stated:

> These are not accidental or unintentional acts; these are not acts committed by somebody who's so high on a controlled substance that they don't know what they're doing. These are deliberate, intentional crimes committed over a period of time for a specific purpose, that is, to steal the identity and money of others.

Harrison argues the district court gave inadequate weight to mitigating factors and did not adequately explain why it imposed a sentence that was twice the parties' joint recommendation. A district court has "wide latitude" to weigh the relevant sentencing criteria, and has no obligation to accept the recommendation of the parties in a non-binding plea agreement. The court did not abuse its substantial sentencing discretion. See, e.g., United States v. Weaver, 866 F.3d 882, 885 (8th Cir. 2017).

## IV. Conclusion

The judgment of the district court is affirmed. The government's pending motion to dismiss the appeal based on the appeal waiver in Harrison's Amended Plea Agreement is denied as moot. See generally United States v. Andis, 333 F.3d 886, 889-90 (8th Cir.) (en banc), cert. denied, 540 U.S. 997 (2003).

_____