# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2158
_____

United States of America

*Plaintiff - Appellee*

v.

Anthony D. Jones, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: April 10, 2023
Filed: June 26, 2023
_____

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.
_____

LOKEN, Circuit Judge.

In the early morning hours of May 4, 2019, Anthony Jones met Jessica Vinson outside a St. Louis club. They spent hours driving in Vinson's car. Jones gave the keys to Vinson's home to cohorts who burglarized the home while the two visited Vinson's friend. When Vinson fell asleep in the car, Jones drove into an alley. His cohorts followed. Jones shot Vinson in the head and back, pulled her from the vehicle, fired another shot at her head, and drove away, leaving Vinson's body in the

alley. He hired someone to clean blood and tissue from the car. On May 6, officers attempted a stop when they saw Jones driving Vinson's car. Jones fled at high speed. After he crashed the car and fled on foot, officers found him hiding in a garage. While incarcerated, Jones sent threatening electronic messages to two associates who had witnessed the murder, warning them to keep quiet.

On the eve of trial, Jones pleaded guilty to four counts of a six-count federal indictment -- carjacking resulting in death (Count 1); discharging a firearm in furtherance of a crime of violence resulting in death in violation of 18 U.S.C. § 924(j) (Count 2); and two counts of witness tampering (Counts 5 and 6). The government agreed to drop Counts 3 and 4. The parties agreed to jointly recommend a sentence of 360 months imprisonment.

Jones timely objected to a statement in his presentence investigation report (PSR) that the sentence imposed for Count 2 must be consecutive to the other counts under 18 U.S.C. § 924(c)(1)(D)(ii). Jones argued, as he does on appeal, that violations of § 924(c) and § 924(j) are separate offenses and that § 924(j) does not require consecutive sentencing. The district court[1] overruled the objection, accepted the guilty plea but not the 360-month recommendation, and imposed a within-range sentence of 540 months imprisonment. Jones appeals, arguing the court procedurally erred in imposing a mandatory consecutive sentence for Count 2, and that the sentence is substantively unreasonable. We affirm.

**I.**

At sentencing, the district court first addressed Jones's objection to a mandatory consecutive sentence on Count 2. "Multiple terms of imprisonment

---

[1]The Honorable Stephen R. Clark, then United States District Judge for the Eastern District of Missouri, now Chief Judge.

imposed at the same time run concurrently *unless the court orders or the statute mandates* that the terms are to run consecutively." 18 U.S.C. § 3584(a) (emphasis added). In § 924(c)(1)(D)(ii), Congress provided that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person." Jones argued that violations of subsections § 924(c) and § 924(j) are separate offenses and therefore § 924(j) violations do not require consecutive sentencing. The government argued that § 924(j) offenses must be consecutively sentenced. At the time, there was a conflict in the circuits on this issue. Compare United States v. Barrett, 937 F.3d 126, 129 n.2 (2d Cir. 2019), with United States v. Julian, 633 F.3d 1250 (11th Cir. 2011).

On appeal, relying on the Eleventh Circuit's analysis in Julian, Jones argues that "the plain language of § 924(j) is sufficient to establish a separate offense with a punishment distinct from § 924(c) such that the prohibition on concurrent sentences does not apply." The government defends the district court's ruling and argues any procedural sentencing error was harmless. With the appeal pending, the Supreme Court granted a writ of certiorari to resolve the separate offense issue. United States v. Lora, No. 20-33, 2022 WL 453368 (2d Cir. Feb. 15, 2022), cert. granted, 143 S. Ct. 521 (2022). The Supreme Court recently ruled that § 924(j) is a separate offense that does not *require* consecutive sentencing but confirmed that under 18 U.S.C. § 3584(a) the district court had discretion to sentence Count 2 consecutively or concurrently. Lora v. United States, No. 22-49, 599 U.S. ___ (June 16, 2023); see Setser v. United States, 566 U.S. 231, 236 (2012) ("Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose.").

When a sentencing issue is timely raised, if the district court makes a procedural error by failing to understand its sentencing authority and discretion, we remand for resentencing unless we are convinced the error is harmless because "the error did not affect the district court's sentencing conclusion." United States v.

Tabor, 531 F.3d 688, 692 (8th Cir. 2008). Lora is supervening controlling authority establishing a procedural error. However, we conclude the error is harmless. In overruling Jones's objection to a mandatory consecutive sentence on Count 2, the district court explained:

> If, as Defendant argues . . . the Eleventh Circuit's interpretation in the [Julian] case were to be the ultimate interpretation of the statute, I find that in this case it's immaterial because . . . whether to impose those sentences concurrently or consecutively would then become discretionary and not mandatory.
>
> And if discretionary, I could and would exercise my discretion to run them consecutively to each other because of the facts of this case . . . and to achieve incremental punishment for the defendant's offenses, which include the discharging of firearms in connection with a crime of violence that caused the death of another person . . . .

The court made clear at sentencing that it "would exercise my discretion to run them consecutively to each other because of the facts of this case." See, e.g., United States v. Martinez Rodriguez, 508 F. App'x 573, 575 (8th Cir. 2013). Accordingly, we need not remand for resentencing.

## II.

At sentencing, consistent with the PSR, the district court determined that Jones's advisory guidelines sentencing ranges are 360 months-to-life for Count 1, 120 months consecutive for Count 2, and 240 months for Counts 5 and 6. The court sentenced Jones to 540 months imprisonment, consisting of 360 months on Count 1; 240 months on Counts 5 and 6, 60 months consecutive and 180 months concurrent with the sentence on Count 1; and 120 months on Count 2, consecutive with the other counts. The parties argued for the jointly recommended 360-month sentence.

-4-

On appeal, Jones argues his 540-month sentence is substantively unreasonable because the district court "did not adequately consider or weigh a number of factors including the defendant's familial history and mental health history." Jones points to the lack of a father figure in his life and evidence in the PSR of mental health problems. He argues the court should have granted a downward variance and sentenced him to the recommended 360 months imprisonment. We review a defendant's challenge to substantive reasonableness under a highly deferential abuse-of-discretion standard. United States v. Ayres, 929 F.3d 581, 583 (8th Cir. 2019). We reject the government's contention that Jones failed to preserve this argument for abuse-of-discretion review. See Holguin-Hernandez v. United States, 140 S. Ct. 762 (2020); United States v. Miller, 557 F.3d 910, 916 (8th Cir. 2009) ("A defendant need not object to preserve an attack on the length of the sentence imposed if he alleges only that the District Court erred in weighing the § 3553(a) factors.").

In explaining the sentence, the court described the offense conduct as an "unprovoked, deliberate, premeditated, and cold-blooded murder and efforts to threaten others with murder to cover it up." The court noted Jones's detailed criminal history -- he had spent nearly all the prior thirteen years in jail -- and his demonstrated lack of remorse for these crimes. A 360-month sentence would fail to provide "incremental punishment" for the additional witness tampering crimes. The court stated it had "taken into account" Jones's "difficult childhood" and lack of "stability and positive role models." It also noted he was prescribed Seroquel, a psychotropic medication, and had an unknown mental health diagnosis. But referring to the lengthy victim impact statements -- testimony at the change-of-plea hearing, testimony at sentencing, and written statements -- the court described Jones as an "exceptionally ruthless person" who "has exhibited no value for human life other than his own life and his own selfish desires." After considering 18 U.S.C. § 3553(a) "and all law applicable to sentencing," the parties' joint recommendation, and "the facts and circumstances of this case," the court concluded that a 540-month sentence is "sufficient but not greater than necessary to serve the purposes of sentencing law."

A sentence within the advisory guidelines range is presumptively reasonable. United States v. Haynes, 62 F.4th 454, 460 (8th Cir. 2023). A sentencing court abuses its discretion when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (cleaned up). The district court "has 'wide latitude' to weigh the relevant sentencing criteria, and has no obligation to accept the recommendation of the parties in a non-binding plea agreement." United States v. Harrison, 37 F.4th 495, 502 (8th Cir. 2022). Jones's disagreement with how the district court weighed the relevant sentencing factors does not justify reversal. United States v. Wilcox, 666 F.3d 1154, 1157 (8th Cir. 2012). In light of the seriousness of Jones's crimes and lengthy criminal history, the district court was well within its substantial discretion in sentencing Jones to a within-guidelines-range term of imprisonment. See United States v. Hamilton, 46 F.4th 864, 871 (8th Cir. 2022).

The judgment of the district court is affirmed.

_____