# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1267
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Andrew Taylor

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: October 16, 2023
Filed: December 5, 2023
[Unpublished]

_____

Before SMITH, Chief Judge, LOKEN and COLLOTON, Circuit Judges.

_____

PER CURIAM.

At 2:00 a.m. on February 10, 2022, Iowa City police officers, responding to a caller's report, found Michael Andrew Taylor, extremely intoxicated, trying to enter the caller's front door with a pistol lying by his feet, mistakenly believing it was his home two doors away. Officers retrieved the pistol, handcuffed Taylor, and arrested him for public intoxication. Police searched Taylor upon arrest, finding marijuana

and three colored pills in his pocket. At the jail, police found sixteen bags on Taylor, each containing about 0.5 grams of cocaine or cocaine base. Officers took the intoxicated Taylor to the hospital, where he admitted he was a felon and sometimes carried a gun despite his felon status.

Taylor was indicted and pleaded guilty to possession of cocaine and cocaine base with intent to distribute and being a felon in possession of a firearm. The Presentence Investigation Report recommended that Taylor be sentenced as a career offender under USSG § 4B1.1(b)(3) because he has two prior Illinois convictions for manufacture or delivery of cocaine and manufacture or delivery of another Schedule I or II narcotic, and an Iowa domestic abuse assault conviction. The district court[1] overruled Taylor's objection that he is not a career offender because his Illinois convictions are not "controlled substances offenses" under the Sentencing Guidelines and sentenced Taylor as a career offender to 151 months imprisonment, the bottom of his advisory guidelines range of 151 to 188 months. Taylor appeals, arguing the district court erred in sentencing him as a career offender and that his sentence is substantively unreasonable. We affirm.

## I. The Career Offender Issue

Taylor is a career offender if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). The Guidelines define controlled substance offense as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

---

[1]The Honorable Stephanie M. Rose, Chief Judge of the United States District Court for the Southern District of Iowa.

§ 4B1.2(b)(1). Taylor argues the district court erred in sentencing him as a career offender because the two Illinois statutes which he was convicted of violating regulate substances that are not controlled under the federal Controlled Substances Act Schedules. See 21 U.S.C. § 802(6). "We review the career offender designation *de novo*." United States v. Jefferson, 975 F.3d 700, 706 (8th Cir. 2020), cert. denied, 141 S. Ct. 2820 (2021).

As Taylor concedes, this argument is foreclosed by our recent decision in United States v. Henderson, 11 F.4th 713 (8th Cir. 2021), cert. denied, 142 S. Ct. 1696 (2022). In Henderson, noting that § 4B1.2(b)(1) contains "no requirement that the particular substance underlying the state offense is also controlled under a distinct federal law," we held that a controlled substance conviction under state law is a "controlled substance offense" under § 4B1.2(b)(1) even if state law regulates substances not controlled under federal law. Id. at 718-19. Though Taylor urges Henderson be overruled, we are bound by decisions of prior panels. See United States v. Warren, 984 F.3d 1301, 1306 (8th Cir.), cert. denied, 142 S. Ct. 124 (2021).

## II. Substantively Unreasonable Sentence

Taylor argues his sentence is substantively unreasonable because the district court erred in its weighing of the relevant 18 U.S.C. § 3553(a) sentencing factors. "We review a defendant's challenge to substantive reasonableness under a highly deferential abuse-of-discretion standard." United States v. Jones, 71 F.4th 1083, 1086 (8th Cir. 2023). "A sentencing court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. at 1087 (quotations omitted). A sentence within the guidelines range, like Taylor's, is presumptively reasonable. See United States v. Haynes, 62 F.4th 454, 460 (8th Cir. 2023).

Taylor points to mitigating factors he claims the district court insufficiently weighed -- that his 2007 and 2010 Illinois convictions, the basis for substantially increasing his advisory sentencing range as a career offender, are dated and involved small drug quantities; that the incident leading to his arrest was the result of intoxicated confusion, not an attempt to burglarize or frighten the caller; and his unfortunate history and characteristics, being raised in an impoverished, violence-stricken area by a heroin-addicted father, and significant issues related to his own drug addiction.

At sentencing, the district court explicitly stated it considered all the § 3553(a) factors, specifically mentioning mitigating factors Taylor raises on appeal. The court explained the aggravating factors that in its judgment weighed against the downward variance Taylor requested -- that he had more than two convictions qualifying him as a career offender, and that this was his second recent felon-in-possession conviction. "A district court has 'wide latitude' to weigh the relevant sentencing criteria." United States v. Harrison, 37 F.4th 495, 502 (8th Cir. 2022). At bottom, Taylor simply disagrees with how the district court weighed the relevant sentencing factors. That alone does not warrant reversing his sentence. See Jones, 71 F.4th at 1087.

The judgment of the district court is affirmed.

_____