# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1324

_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Desha Scott

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: October 16, 2023
Filed: December 5, 2023
[Unpublished]

_____

Before SMITH, Chief Judge, LOKEN and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Brandon Desha Scott pleaded guilty to one count of being a felon in possession of a firearm while on release in violation of 18 U.S.C. §§ 922(g)(1) and 3147(1). The

district court[1] sentenced Scott to 90 months imprisonment, 12 months above the advisory guidelines sentencing range. Scott appeals, arguing the sentence is substantively unreasonable. Reviewing for abuse of discretion, we affirm.

On January 3, 2021, a caller reported that Scott was holding an AK-47 firearm during an incident with his girlfriend. When responding police officers knocked and the caller opened the door to his apartment, the officers observed Scott, a convicted felon, holding a firearm with a drum magazine. They arrested Scott. The firearm was found to be a Romarm/Cugir, Model WASR10-63IR, 7.62 caliber rifle with two bullets in its drum magazine. At the time, Scott was on release, awaiting sentencing on another federal felon in possession charge resulting from an April 2018 incident in which Scott, riding with the same girlfriend, fired a similar firearm at a moving vehicle being driven by the girlfriend's ex-boyfriend. This prior offense was committed while Scott was on probation for a 2017 state court conviction for aggravated assault on his then-pregnant prior girlfriend.

In March 2021, Scott was sentenced to 63 months imprisonment on the April 2018 federal offense. Petitions to revoke probation on the 2017 state conviction were *nolle prossed* in June 2021. In March 2022, Scott was charged with this second felon in possession offense; he pleaded guilty to the offense on October 4, 2022. The United States Probation Office issued a sentencing Memorandum on October 24, which the district court considered along with the full Presentence Investigation Report that had been recently prepared for Scott's 2018 felon in possession case. Scott did not object to the facts set forth in that Memorandum.

At sentencing, the sentencing Memorandum was revised to reflect a three-level increase under USSG § 3C1.3 because Scott committed the offense while on release

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

and the statutory 18 U.S.C. § 3147 enhancement applies. The district court adopted the facts in the sentencing Memorandum. It determined that the base offense level for the felon in possession offense was 22 under USSG § 2K2.1(a)(3), and the total offense level including the § 3147 enhancement was 25, reduced to 22 with a 3-level acceptance of responsibility reduction. With Scott's criminal history category of IV, the court determined the advisory guidelines range is 63 to 78 months. Stating it had considered all the 18 U.S.C. § 3553(a) sentencing factors, the court imposed a sentence of 90 months imprisonment, consecutive to the unserved portion of the 63-month sentence for the prior federal firearm conviction. The court explained:

> This . . . sentence is justified as the offense illustrates a complete and wanton disregard for the law. His second incident with a high capacity drum magazine in an AK rifle is . . . almost the exact same crime he committed back in [his prior federal] case and it illustrates that he's willing to bring an assault rifle to a domestic dispute generally over a girlfriend in a short period of time. I think the sentence is sufficient but no greater than necessary to address the seriousness of the offense, promote respect for the law, and address the needs of the offender.

The court further explained that it was imposing a term consisting of 78 months for the underlying felon in possession offense and 12 additional months pursuant to 18 U.S.C. § 3147. See USSG § 3C1.3, comment. (n.1).

Scott did not object to the court's guidelines range determination or to the imposition of consecutive sentences. However, defense counsel did object "to the sentence being over the guideline range." Thus, the only issue on appeal is whether that sentence is substantively unreasonable.

"We review the substantive reasonableness of a sentence, 'whether within, above, or below the applicable Guidelines range,' under a highly deferential abuse of discretion standard." United States v. Harrison, 37 F.4th 495, 501 (8th Cir. 2022),

quoting United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).  The district court has "wide latitude" in weighing the 18 U.S.C. § 3553(a) sentencing factors.  United States v. Weaver, 866 F.3d 882, 885 (8th Cir. 2017).

Scott argues the district court abused its discretion because the factors that the court relied on in sentencing above the advisory guidelines range were already taken into account in calculating his guidelines offense level and criminal history category -- his prior convictions and the fact that he committed the present offense while on release from a prior pending offense.  We have repeatedly held that "factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." United States v. Hubbs, 18 F.4th 570, 573 (8th Cir. 2021), quoting United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012); see United States v. Washington, 515 F.3d 861, 866-67 (8th Cir. 2008).  Here, as the district court explained, the similarity and proximity of Scott's two violent felon in possession offenses reflect a complete and wanton disregard for the law and a repeated willingness to carry and use firearms during domestic disputes.  The district court did not abuse its substantial sentencing discretion in concluding these are aggravating factors that warrant varying upward from the advisory guidelines range.

The judgment of the district court is affirmed.

_____