# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2274
_____

United States of America

*Plaintiff - Appellee*

v.

Leonard Haskins

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Northern
_____

Submitted: February 12, 2024
Filed: May 22, 2024
_____

Before LOKEN, COLLOTON,[1] and KELLY, Circuit Judges.
_____

LOKEN, Circuit Judge.

On June 18, 2021, Jonesboro, Arkansas police officers smelled marijuana as they approached a vehicle stopped for a traffic violation, removed the driver and a passenger, Leonard Haskins, and searched the vehicle. The officers found a 9 mm

___

[1]Judge Colloton became Chief Judge of the Circuit on March 11, 2024. See 28 U.S.C. § 45(a)(1).

pistol in the glovebox in front of where Haskins had been sitting.  In a backpack behind the passenger seat, they found various drugs including methamphetamine and ecstasy, digital scales, and a box of 9 mm ammunition.  Haskins admitted the pistol and backpack contents were his.  Another bag of ecstasy pills was found in his pocket during booking at the jail.  Haskins was indicted for four drug and firearm violations, including being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), Count One, and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), Count Four.  He pleaded guilty to Count One; the government dismissed the other counts.

The Presentence Investigative Report (PSR) calculated the advisory guidelines range:  felon-in-possession base offense level 20; four-level increase for possession in connection with another felony offense (drug trafficking); two-level reduction for acceptance of responsibility; Criminal History Category III; range 51 to 63 months imprisonment; statutory maximum sentence 120 months.  The PSR noted that, absent the plea agreement, Haskins would have been subject to a mandatory minimum 60-month sentence if convicted of Count Four, "consecutive to any other sentence."

At sentencing, the district court[2] adopted the PSR without objection.  The court granted Haskins a three-level acceptance reduction, reducing the guidelines range to 46 to 57 months imprisonment.  Neither party objected or requested a variance.  The court advised defense counsel, "an upward variance may be appropriate in this case" because, "given what I've seen in the PSR," the 18 U.S.C. § 3553(a) sentencing factors "would suggest a significantly higher sentence than the guidelines."  After extensive argument by counsel and allocution by Haskins, the district court sentenced Haskins to the statutory maximum of 120 months, a 63-month upward variance from

---

[2]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

the top of the advisory guidelines sentencing range.  Haskins appeals, arguing the sentence is substantively unreasonable.  We affirm.

"We review a defendant's challenge to substantive reasonableness under a highly deferential abuse-of-discretion standard."  United States v. Jones, 71 F.4th 1083, 1086 (8th Cir. 2023).  A district court abuses its sentencing discretion when it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment."  United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quotation omitted).  "[A] major departure [from the advisory guidelines range] should be supported by a more significant justification than a minor one."  Id. (quotation omitted).  But it is "the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable."  Id. at 464.

In explaining the sentence, the district court first noted that the offense of conviction was not "what I'll call a random" felon-in-possession offense.  "[N]umber one, you had a gun in connection with another felony offense.  There were illegal drugs around. . . .  Number two, this is not your first felon in possession conviction. That raises the level and nature of the offense."  The court then explained that other considerations "push[ed] this above the guidelines, and in my view considerably above the guidelines," because of the court's responsibility to protect the public and promote respect for the rule of law:

> [W]hen I look at your PSR, I see a terrible murder, a brutal murder that you committed personally, premeditated [in 1993] when you were 16. You used a firearm to end somebody's life intentionally . . . after you had time to think about it. . . .  [A]fter . . . and during your significantly long sentence, you continued to violate rules and violate the law

repeatedly [showing] that a significantly long sentence was not enough to stop you from violating the law. . . .

       After that, you had more convictions. . . . [T]he one in 2009 . . . was for a dangerous misdemeanor where you harmed somebody else, including punching them in the face and hitting them with a stick.

       In 2009 there was the felon in possession conviction. And not only there did you have ammunition in your possession . . . . But you also fled on foot, showing, again, a disdain for the rule of law . . . and a disdain for police officers.

\*   \*   \*   \*   \*

       . . . I understand [counsel's] argument that the last of these convictions was back in 2009 and you've been out in the free world since 2013 and . . . you didn't commit any crimes -- or at least . . . while you were arrested for a bunch, you weren't convicted of anything. . . . [T]hat's important to me.

       But, again, we're not in a situation where you just had a gun [in this case]. You had guns and drugs. You were committing additional crimes in 2021. . . . [I]f you did take a break, you decided to go back into the world where you shouldn't go even knowing the consequences.

       . . . Those . . . factors plus . . . respect for law, which I don't believe you have at all . . . are the factors that in my view push this all the way to the statutory maximum . . . . [N]othing below it will do.

On appeal, Haskins argues the district court abused its discretion by imposing an excessive sentence significantly above the advisory guidelines range sentence. He emphasizes that the 1993 premeditated murder was committed at a young age, his only prior drug conviction was for misdemeanor possession of marijuana in 2009, and

his "only other crime of violence"[3] was the 2009 conviction for misdemeanor domestic assault. He argues his history "does not present a defendant with a recurrent history of convictions of violence to the general public or involvement [in] drug related offenses different from that of the majority of federal criminal defendants contemplated by the federal sentencing guidelines."

After careful review, we conclude the district court did not abuse its substantial discretion in imposing the statutory maximum felon-in-possession sentence. The court gave the applicable guidelines careful consideration, noting that, "while . . . not mandatory [they] do have a significant weight," but concluded that the § 3553(a) sentencing factors warranted a substantial upward variance. The court considered the mitigating factors noted by defense counsel but found them outweighed by § 3553(a) factors -- specific deterrence, promotion of respect for the law, and protection of the public from further crimes. The district court has "wide latitude" to weigh the 18 U.S.C. § 3553(a) sentencing factors and to "assign some factors greater weight than others." United States v. Obi, 25 F.4th 574, 582 (8th Cir. 2022). Thus, "disagreement with how the district court weighed the relevant sentencing factors does not justify reversal." Jones, 71 F.4th at 1087. Though Haskins' more serious prior convictions were accounted for by the guidelines, "a sentencing court may vary upward based on criminal history already accounted for by the Guidelines." United States v. Manuel, 73 F.4th 989, 993 (8th Cir. 2023).

Regarding the extent of the upward variance, we have upheld sentences with greater upward variances in cases involving similar considerations. See, e.g., United States v. Johnson, 916 F.3d 701, 703 (8th Cir. 2019) (affirming a 204-month sentence when the advisory range was 57 to 71 months). Accordingly, the judgment of the district court is affirmed.

_____

[3]Paragraph 23 of the PSR reported that, while incarcerated for the murder conviction, Haskins was disciplined 13 times for "Battery" and "Aggravated Battery."