# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3737

_____

United States of America

*Plaintiff - Appellee*

v.

Thomas Matthew Riemer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: October 21, 2024
Filed: December 5, 2024
[Unpublished]

_____

Before LOKEN, SMITH, and GRASZ, Circuit Judges.

_____

PER CURIAM.

On August 5, 2022, an undercover officer ("UC") posing as a single mother with two daughters, ages 4 and 10, searched for individuals using the internet to solicit minors for sexual activity. The UC explored and posted on multiple websites and cellular applications where sexual conversations were known to occur. The UC conversed with a user later identified as Thomas Riemer on "FetLife," a social

networking website that serves people interested in BDSM, fetishism, and kink. After they exchanged graphic text messages for three days, investigators obtained a warrant to search Riemer's phone records and GPS pings. On August 9, they monitored Riemer as he traveled from Plainfield, Illinois to Bentonville, Arkansas with a sex toy and Viagra to engage in sexual conduct with the fantasy 4 and 10 year old daughters in the presence of the UC, their fantasy mother. He was arrested when he arrived at the UC's purported address.

Riemer was charged with Attempted Enticement of a Minor to Engage in Sexual Activity in violation of 18 U.S.C. § 2422(b) and Attempted Travel with Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b) and (e). He pleaded guilty to the Attempted Travel offense. In the written plea agreement, the parties agreed that an imprisonment range between 108 and 135 months would be reasonable and that the parties could argue for any sentence within that range. Their recommendation would not be binding on the district court.

Riemer's presentence investigation report (PSR) recommended an advisory guidelines sentencing range of 108 to 135 months imprisonment, which the district court[1] adopted at the sentencing hearing after resolving PSR objections. The court overruled Riemer's objection to government Exhibit 1, consisting of the entire text message history between Riemer and the UC that was only summarized in the PSR. The court stated that it had read every text message, placed Exhibit 1 under seal, and explained it would not order revision of the PSR to include the entirety of the messages because its summary was sufficient. The government urged a mid-to-upper range sentence; Riemer urged a low-end sentence. Extensively explaining its

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

decision, the court sentenced Riemer to 135 months, the top of the advisory guidelines range. Riemer appeals, arguing the sentence is substantively unreasonable.

We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Haskins, 101 F.4th 997, 999 (8th Cir. 2024). "A sentence falling within the applicable guideline range may be presumed to be substantively reasonable." United States v. Linderman, 587 F.3d 896, 901 (8th Cir. 2009) (citation omitted). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotations omitted). It is "the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." Id. at 464.

At the sentencing hearing, referring to Riemer's many "grotesque" statements about sex with children in the 25-30 pages of text messages in Exhibit 1, the district court stated:

> This Court is persuaded that Mr. Riemer is a pedophile, someone that has an extreme interest and sexual attraction to minors. One cannot read the text messages in their entirety and come away with any other conclusion.

On appeal, Riemer argues the sentence is substantively unreasonable because it is based on the court's erroneous label of pedophilia. He argues that he contacted UC on an adults-only website, responding to a thread that did not mention minor children, that he is 65 years old, and that the offense conduct spanned only five days. We conclude there was no abuse of discretion.

-3-

The applicable guideline increased Riemer's base offense level by 8 levels because "the offense involved a minor who had not attained the age of 12 years." USSG § 2G1.3(b)(5). Here, Riemer traveled 600 miles in an attempt to have sex with two minors under the age of 12 in the presence of their mother. There can be little doubt that pedophilia[2] is "a relevant [sentencing] factor that should . . . receive[] significant weight." Feemster, 572 F.3d at 461. The district court "labeled" Riemer a pedophile based on its thorough review of many "grotesque" statements Riemer made to the UC in their text messages. "This court is convinced that Mr. Riemer either had past experience [with sex with young children], or it's something that he had fantasized about extensively." This is not "erroneous" labeling. Combined with Riemer's admission to investigators that two other women had offered him their children on the FetLife "adults only" website, the text messages establish that the district court's references to Riemer as a "pedophile" did not make his presumptively reasonable within-range sentence substantively unreasonable.

Riemer further argues the district court committed a clear error of judgment in weighing the sentencing factors, giving too little weight to mitigating factors that warranted a low-range sentence, or at least a sentence below 135 months: his age, his serious medical and psychological conditions, the discovery of only one arguably illegal image in a review of 33 devices, and the lack of recent criminal conduct.

The district court explained that it had considered these mitigating factors as well as the sentences in cases cited by defense counsel as comparable:

> [A]ll things considered, especially the mitigating [factors], . . . it would not be appropriate to vary upward. . . . [But] given this Court's opinion that the attempted conduct here is qualitatively worse, more demented,

---

[2]"A sexual disorder consisting in the desire for sexual gratification by molesting children, esp. prepubescent children." *Pedophilia*, Black's Law Dictionary 1246 (9th ed. 2009).

[with] more evidence of a greater fixation, a greater sexual interest in young children, the Court believes that an upper guideline range sentence is the most appropriate sentence . . . taking into consideration all of the mitigation here, including Mr. Riemer's age and health status.

The district court has "wide latitude to weigh the 18 U.S.C. § 3553(a) sentencing factors and to assign some factors greater weight than others." Haskins, 101 F.4th at 1000 (quotation omitted). "[D]isagreement with how the district court weighed the relevant sentencing factors does not justify reversal." United States v. Jones, 71 F.4th 1083, 1087 (8th Cir. 2023). "[S]imply because the district court weighed relevant factors . . . more heavily than [Riemer] would prefer does not mean the district court abused its discretion." United States v. Sisk, 999 F.3d 631, 636 (8th Cir. 2021) (quotation omitted). After careful review of the sentencing record and the district court's thorough explanation of its sentencing decision, we conclude the court did not abuse its substantial discretion in imposing a top-of-range sentence.

The judgment of the district court is affirmed.

_____