# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-3521
_____

United States of America

*Plaintiff - Appellee*

v.

Michael S. Simmons

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: September 23, 2024
Filed: December 13, 2024
[Unpublished]
_____

Before SMITH, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Michael Simmons appeals the 120-month sentence imposed by the district court[1] following his guilty plea to illegal possession of a firearm, in violation of 18

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

U.S.C. § 922(g)(1). Simmons argues that his sentence is substantively unreasonable. We affirm.

## I. *Background*

On September 18, 2022, police officers in Kansas City, Missouri, responded to a report of a person acting erratically in the street. Upon arrival, they observed Simmons fire several gunshots toward the ground and a nearby dog. Simmons appeared intoxicated and disregarded officers' commands. After taking him into custody, officers recovered a loaded .40 caliber Glock pistol and spent shell casings from the area.

Simmons admitted that he had smoked PCP prior to his arrest. He claimed that someone had stolen his truck but could not be sure given his state of intoxication. At the time of this incident, Simmons was serving a term of supervised release for a prior conviction of being a felon in possession of a firearm. This marked Simmons's third such offense, with previous convictions in 2006 and 2020. His criminal history also included felony convictions for aggravated assault, habitual possession of marijuana, attempting to elude police, and selling cocaine.

Simmons pleaded guilty to the new felon-in-possession charge without a plea agreement. The district court held a combined sentencing hearing to address Simmons's supervised release violations and the new offense. For the supervised release violations, the court calculated a Guidelines range of 8 to 14 months' imprisonment. For the new offense, the Guidelines range was 30 to 37 months. The court noted that the statutory maximum for the new crime was 15 years.

The district court imposed a 14-month revocation sentence for the supervised release violations. For the new offense, the court varied upward and sentenced Simmons to a consecutive term of 120 months' imprisonment, followed by 3 years of supervised release.

## II. *Discussion*

Simmons challenges only the substantive reasonableness of his 120-month sentence for being a felon in possession of a firearm. We review the substantive reasonableness of a sentence under a highly deferential abuse-of-discretion standard. *United States v. Jones*, 71 F.4th 1083, 1087 (8th Cir. 2023). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Williams*, 913 F.3d 1115, 1116 (8th Cir. 2019) (per curiam) (quoting *United States v. Johnson*, 812 F.3d 714, 715 (8th Cir. 2016) (per curiam)).

After careful review of the record, we conclude that the district court did not abuse its discretion in imposing a 120-month sentence. The court properly calculated the Guidelines range and expressly considered the 18 U.S.C. § 3553(a) factors. The court discussed at length Simmons's history and characteristics, including his eight prior felony convictions, and noted this was his third offense for being a felon in possession of a firearm. The court also noted the seriousness of Simmons's conduct, which involved discharging a firearm in public while under the influence of PCP. Additionally, the district court stated that it had considered the following factors: "respect for the law; the need to protect the public; the need for deterrence; the nature and circumstances of this crime, your history and your characteristics; and even all the other ones I haven't discussed." R. Doc. 34, at 23–24. The district court provided a reasoned basis for the variance, grounded in the § 3553(a) factors and the specific circumstances of Simmons's case.

Simmons disputes whether the district court properly weighed the relevant sentencing factors. However, we have repeatedly held that such arguments must be more than mere disagreement with the court's analysis to justify reversal. *E.g.*, *Jones*, 71 F.4th at 1087. The district court carefully considered the applicable factors and articulated its reasons for imposing the chosen sentence. Simmons has shown no abuse of discretion in the court's decision to vary upward to 120 months' imprisonment.

### III. *Conclusion*

For the foregoing reasons, we affirm the judgment of the district court.

_____