# United States Court of Appeals

### For the Eighth Circuit

_____

## No. 19-3163

_____

United States of America

*Plaintiff - Appellee*

v.

Jalen Randall McSmith

*Defendant - Appellant*

_____

## No. 19-3461

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Anthony Teagues

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 14, 2020
Filed: July 31, 2020
_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.
_____

BENTON, Circuit Judge.

The district court[1] sentenced Jalen Randall McSmith and Michael Anthony Teagues to 41 and 90 months in prison, respectively. McSmith challenges the quantity of drugs attributed to him, his classification as a manager/supervisor, and his criminal history category. Both appellants attack the substantive reasonableness of their sentences. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In 2018, McSmith and Teagues began distributing heroin and methamphetamine in central Iowa. In 2019, a 19-count indictment charged eight defendants, including McSmith and Teagues, with crimes ranging from heroin and ecstacy distribution to firearm violations. Both appellants pled guilty to conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. Teagues also pled to possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Both appeal.

I.

McSmith contends the district court miscalculated the drug quantity under U.S.S.G. § 2D1.1. This court reviews de novo the interpretation and application of the sentencing guidelines. *See United States v. Mohr*, 772 F.3d 1143, 1145 (8th Cir.

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

2014).  A district court's conclusion about drug quantity is factual, reviewed for clear error.  *See* ***United States v. Madison***, 863 F.3d 1001, 1005 (8th Cir. 2017).  This court reverses only "when the entire record definitely and firmly illustrates that the lower court made a mistake."  ***United States v. Marshall***, 411 F.3d 891, 894 (8th Cir. 2005).  McSmith claims the district court wrongly attributed to him three drug quantities:

● *15.51 grams of heroin distributed by co-defendant, Devonte Demario Colbert*.  McSmith acknowledges he drove Colbert to a restaurant on December 11, 2018.  At the restaurant, Colbert exited the car and sold 15.51 grams of heroin to an undercover agent.  McSmith argues the fact that he "drove Colbert to a place where a heroin distribution occurred between an undercover agent and Colbert, fails to possess a sufficient indicia of reliability to support attributing that drug amount to McSmith."

This argument has no merit.  McSmith and Colbert were part of a drug distribution conspiracy.  Less than a month before December 11, McSmith twice delivered heroin or directed others to deliver heroin for Colbert to the undercover agent, and Colbert sold drugs out of McSmith's car.  "[A] member of a drug conspiracy is responsible for all reasonably foreseeable actions of a conspiracy unless he withdraws from the conspiracy."  ***United States v. Yellow Horse***, 774 F.3d 493, 497 (8th Cir. 2014).  The district court did not clearly err in attributing the 15.51 grams of heroin to McSmith because the deal was reasonably foreseeable to him and in furtherance of the conspiracy.  *See* ***id.***  *See also* ***United States v. King***, 898 F.3d 797, 809 (8th Cir. 2018) ("For purposes of calculating drug quantity in a drug conspiracy case, the district court may consider amounts from drug transactions in which the defendant was not directly involved if those dealings were part of the same course of conduct or scheme." (cleaned up)).

● *3.47 grams of heroin distributed by co-defendants, Brittney Taylor Coon and Claudia Kay Harlan*.  In his plea agreement, McSmith admitted that he directed

Coon and Harlan to distribute 3.47 grams of heroin to an undercover agent on December 3. This was confirmed by text messages. The district court did not clearly err in attributing the 3.47 grams of heroin to McSmith.

● *20.75 grams of ecstacy pills containing meth found in Coon and Harlan's apartment*. McSmith asserts the 20.75 grams of meth found in Coon and Harlan's apartment "could not be reasonably foreseeable to McSmith as the controlled substance which was the basis of this conspiracy was heroin not methamphetamine" and there is "no sufficient indicia of reliability" to attribute the meth to him.

The evidence supports the attribution. Text messages and testimony from Coon and Harlan show that McSmith directed them to sell purported ecstasy for him, which later tested positive for meth. The pills found in Coon and Harlan's apartment were similar in constitution to pills found in Colbert and Teague's apartment. Based on the text messages, testimony, and the similarity of the pills to others sold as part of the conspiracy, the district court did not clearly err in attributing the 20.75 grams of ecstacy to McSmith. *See **United States v. Walker***, 688 F.3d 416, 421 (8th Cir. 2012) (holding that the "district court's factual determinations will stand unless the decision is unsupported by substantial evidence" (cleaned up)).

The district court properly calculated the drug quantity under U.S.S.G. § 2D1.1.

II.

McSmith argues the district court incorrectly applied a three-level aggravating role adjustment for his position as a manager/supervisor in the drug-trafficking conspiracy. A court may increase a defendant's offense level based on the defendant's role in the conspiracy: (1) organizer or leader of crimes involving five or more participants—4 levels; (2) manager or supervisor, but not organizer or leader—3 levels; (3) all other organizers, leaders, managers, or supervisors—2 levels.

*See* **U.S.S.G. § 3B1.1**. This court reviews the application of the enhancement de novo. *See* **United States v. Mitchell**, 825 F.3d 422, 425 (8th Cir. 2016) (per curiam).

"Organizer" and "leader" are defined broadly, "manager" and "supervisor" quite liberally. *See* **United States v. Lopez**, 431 F.3d 313, 317-18 (8th Cir. 2005). "The key factors in determining management or supervisory authority are control over other participants and organization of the criminal activity.**"** **United States v. Pena**, 67 F.3d 153, 156-57 (8th Cir. 1995). To qualify for a manager or supervisor enhancement, a defendant "need only have managed or supervised one other participant in the criminal conspiracy." **United States v. Zimmer**, 299 F.3d 710, 724 (8th Cir. 2002).

The evidence supports the three-level manager/supervisor enhancement based on McSmith's control over at least two co-defendants in the conspiracy. The presentence investigation report (PSR) details about 20 times McSmith directed co-defendants to distribute heroin and ecstacy. This was confirmed at sentencing by text messages, call logs, police surveillance, undercover agent reports, and co-defendant testimony that the co-defendant should take no action without speaking to McSmith first. The district court rightly applied a three-level aggravating role adjustment for McSmith's role as a manager or supervisor.

III.

McSmith contends the district court should not have assessed (1) one criminal history point for a 2019 sentence, and (2) two criminal history points for committing a crime while under court supervision. This court reviews "prior sentence" and "under court supervision" determinations for clear error, "remembering that such a determination is fact-intensive and well within the district court's sentencing expertise and greater familiarity with the factual record." **United States v. Hernandez**, 712 F.3d 407, 409 (8th Cir. 2013).

In 2019, seven months before his sentence in this case, McSmith was sentenced for possession of marijuana and related charges. McSmith asserts that this conviction does "not qualify as a 'prior sentence' under USSG Section 4A1.1" because the conviction occurred after the relevant conduct in this case. But the term "prior sentence" means "a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense." **U.S.S.G. § 4A1.2, cmt. (n.1)**. The 2019 sentence for the marijuana conviction—imposed before the sentence in this case—undoubtedly was a prior sentence, justifying the one criminal history point.

McSmith also asserts that "his probation" following his 2015 aggravated robbery conviction "was terminated and discharged well in advance of September 17, 2018 [the beginning of the conspiracy]." This assertion is not supported by the evidence. The PSR notes that McSmith was unsatisfactorily discharged from probation on February 13, 2019, well after the beginning of the conspiracy in this case. The district court heard testimony on this issue from an investigator who had spoken with McSmith's probation officer. The court also reviewed text messages showing McSmith's knowledge that he was on probation in December 2018. The district court correctly found that McSmith was under court supervision at the time of the offense in this case, justifying two criminal history points.

## IV.

Both appellants challenge the substantive reasonableness of their sentences. This court reviews for abuse of discretion. *See United States v. Fitzpatrick*, 943 F.3d 838, 840 (8th Cir. 2019), *citing United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A district court abuses its discretion when it: (1) "fails to consider a relevant factor that should have received significant weight;" (2) "gives significant weight to an improper or irrelevant factor;" or (3) "considers only the

appropriate factors but in weighing them commits a clear error of judgment." ***United States v. Williams***, 624 F.3d 889, 896-97 (8th Cir. 2010).

A.

McSmith believes his background justifies a variance from the sentencing guidelines. Imposing a bottom-of-the-guidelines sentence, the district court detailed its considerations, including the 18 U.S.C. § 3553(a) factors, severity of the crime, his background, the desire to avoid over-punishment, and the necessity of avoiding sentencing disparities in similar cases. McSmith's disagreement with how the district court weighed the factors does not demonstrate abuse of discretion. *See **United States v. Borromeo***, 657 F.3d 754, 757 (8th Cir. 2011) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.").

B.

Teagues argues the court failed to consider relevant § 3553(a) factors—his history and characteristics and the disparity between his sentence and the sentences of his co-defendants—in imposing a bottom-of-the-guidelines 90-month sentence. *See* **18 U.S. C. § 3553(a)(1), (a)(6)**. He emphasizes his youth and the nexus between his drug addiction and criminal history. He says his drug addiction drove him to impulsively commit crimes, a mitigating factor in sentencing. He concludes that the district court failed to consider and give proper weight to these personal characteristics despite their significant impact on his decisions.

The sentencing transcript disproves Teagues's argument. The sentencing range was 30-37 months for the conspiracy, and a mandatory minimum of a consecutive 60 months for possession of a firearm in furtherance of a drug-trafficking crime. Teagues requested a one-month sentence for the conspiracy, for a total of 61 months

in prison.  Contrary to Teagues's assertions, the court considered the § 3553(a) factors, his age, upbringing, seriousness of the offenses, and potential mitigating factors, including his drug addiction.  The district court focused on his multiple serious felony convictions as a young adult, and possession of a loaded firearm while trafficking drugs—which the district court emphasized distinguished his case from his co-defendants.  Teagues's disagreement with how the district court weighed the factors does not demonstrate an abuse of discretion.  *See **Borromeo***, 657 F.3d at 757.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____