# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3044
_____

United States of America

*Plaintiff - Appellee*

v.

Jefferson David Hubbs

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 21, 2021
Filed: November 18, 2021
_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.
_____

LOKEN, Circuit Judge.

Jefferson Hubbs was indicted and pleaded guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court[1] sentenced Hubbs to two concurrent 60-month prison terms followed by three years

---

[1]The Honorable Stephen R. Clark, United States District Court Judge for the Eastern District of Missouri

supervised release. Hubbs appeals, arguing his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence, "whether within, above, or below the applicable Guidelines range," under a highly deferential abuse of discretion standard. United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). Applying this standard of review, we affirm.

## I.

In two incidents some eight months apart, St. Louis police seized three guns and six high-capacity magazines from Hubbs, a convicted felon. In the second incident, Hubbs ran a stop sign at 50 miles-per-hour, collided with another vehicle, and was thrown from his motorcycle, suffering serious injuries. Officers found two loaded handguns at the scene. The Presentence Investigation Report ("PSR") detailed his extensive criminal history, including five assault convictions, numerous other convictions, conduct violations while incarcerated, and an uncharged domestic incident three days before the motorcycle accident when Hubbs threatened to shoot a female victim, left on his motorcycle, and fired multiple rounds at an unoccupied vehicle. The PSR recommended an advisory guidelines sentencing range of 57 to 71 months in prison based on total offense level 23 and Criminal History Category III.

At sentencing, the district court sustained Hubbs's sole objection to the PSR, eliminating a four-level enhancement for possessing a firearm in connection with the uncharged incident days prior to the second incident. This reduced the guidelines range to 37 to 46 months imprisonment. The court otherwise adopted the PSR without objection. In a presentencing motion and again at sentencing, Hubbs argued for a downward variance, citing as mitigating factors his difficult childhood with an addicted and abusive mother, a long history of diagnosed mental health issues that included suicide attempts, long-standing methamphetamine use, and recovery from a serious brain injury suffered in the motorcycle accident. The government recommended a within-range sentence.

After hearing argument and a statement as to sentencing from Hubbs, the district court denied his motion for a downward variance and explained why it was considering whether an upward variance was instead warranted:

> In addition to the guidelines and the policy statements, I've considered the nature and the circumstances of the offense. I've considered the history and characteristics of Mr. Hubbs, and the need to avoid unwarranted sentencing disparities among similarly-situated defendants and the types of sentences available.
>
> I've considered the entire record, as I say, including the defendant's history for erratic and violent behavior coupled with the multiple illegal possession of firearms and firearms with large capacity magazines, his propensity to commit or threaten violence against others. I suspect that has, in part, to do with his drug addiction issues, but nonetheless the history includes at least four incidents of assault and two of disorderly conduct. . . . There's just a number of instances of dangerous and reckless conduct here. Including the incident with the motorcycle accident. The defendant was speeding 50 miles per hour on a motorcycle while carrying two loaded firearms and creating unreasonable danger and risk [of] injury to others, certainly the risk of accidental discharge of those firearms.

After hearing argument from defense counsel opposing an upward variance, the district court sentenced Hubbs to two concurrent 60-month prison sentences followed by three years supervised release.

## II.

On appeal, Hubbs argues his 60-month sentence is substantively unreasonable because the district court's upward variance was based on its improper weighing of the 18 U.S.C. § 3553(a) sentencing factors, giving too little weight to mitigating factors and too much weight to criminal history factors already included in

determining the advisory guidelines sentencing range. A sentencing court abuses its discretion when it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012). We give the sentencing court "wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others." United States v. Lozoya, 623 F.3d 624, 627 (8th Cir. 2010) (quotation omitted). Here, the district court acted well within its substantial sentencing discretion.

The sentencing record does not support Hubbs's contention that the district court "ignored all factors that would mitigate his sentence." The PSR, which the district court adopted and expressly considered, described the mitigating factors on which Hubbs relies -- his addicted and abusive mother, multiple diagnosed mental health issues, daily methamphetamine use, and a brain injury suffered in the motorcycle accident. Hubbs argued these factors in his motion for downward variance, during allocution, and after the district court stated it was considering an upward variance. In explaining the sentence being imposed, the court acknowledged that Hubbs's criminal record "has, in part, to do with his drug addiction,"and recommended he participate in mental health and drug treatment programs while in prison. Rather than ignoring Hubbs's mitigating factors, the court concluded they were outweighed by his "history for erratic and violent behavior," propensity to commit or threaten violence against others, and multiple illegal firearm possessions including "speeding 50 miles per hour on a motorcycle while carrying two loaded firearms."

Hubbs further argues the district court "over-react[ed]" to "minor" convictions that were taken into account in determining his advisory guidelines range. We disagree. Hubbs's numerous prior convictions placed him in Criminal History Category III because twelve were assigned no criminal history points under the

-4-

Guidelines. Beyond the sheer number of convictions, the district court noted that the crimes included choking, punching, and threatening to kill his victims. There was no abuse of discretion. As we said in affirming a substantial upward variance in David, "factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." 682 F.3d at 1077.

Hubbs further argues the district court relied on irrelevant facts surrounding his motorcycle crash because there is no evidence that his driving a motorcycle with loaded weapons created a risk to the community. The district court hardly relied on irrelevant facts in concluding that Hubbs created an unreasonable danger and risk to others when he drove his motorcycle at high speed with two loaded firearms, three days after he discharged a firearm at an unoccupied vehicle from the motorcycle.

Finally, Hubbs cites the government's recommendation of a within-guidelines range sentence as evidence that the upward variance was substantively unreasonable. However, the government's recommendation does not foreclose the district court from making its own determination. "[I]t is the district court judge, not the Government, that is responsible for determining the appropriate sentence for a criminal defendant after considering the factors of section 3553(a)." Lozoya, 623 F.3d at 627, citing United States v. Booker, 543 U.S. 220, 249-50 (2005).

The district court considered Hubbs's mitigating factors, weighed them against his extensive criminal history and propensity for violence, and concluded that an upward variance was warranted. Hubbs's "disagreement with how the district court weighed the [§ 3553(a)] factors does not demonstrate abuse of discretion." United States v. McSmith, 968 F.3d 731, 737 (8th Cir. 2020); see United States v. Abrica-Sanchez, 808 F.3d 330, 334-35 (8th Cir. 2015).

The judgment of the district court is affirmed.

_____