# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-3676

_____

United States of America

*Plaintiff - Appellee*

v.

Basil Hibbert

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa

_____

Submitted: November 15, 2021
Filed: March 9, 2022
[Unpublished]

_____

Before COLLOTON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Basil Hibbert and Jean Raoul Descolline, Jr., sold methamphetamine to an undercover officer four times in 2019. Following his arrest and indictment, Hibbert pled guilty to six drug-related offenses.

At sentencing, the district court[1] enhanced Hibbert's offense level by two for performing an aggravating role in the drug dealing operation because it found Hibbert organized, led, managed, or supervised Descolline during the drug sales. *See* U.S.S.G. § 3B1.1(c).

After applying the aggravating role enhancement under the United States Sentencing Guidelines Manual ("Guidelines"), the district court calculated a Guidelines range of 168 to 210 months of imprisonment. The district court granted the government's motion and departed downward 25% from the Guidelines calculation based on Hibbert's substantial assistance in the investigation or prosecution of another person. *See* U.S.S.G. § 5K1.1. The district court then varied downward from the adjusted calculation of 126 to 157 months of imprisonment and sentenced Hibbert to the statutory minimum sentence of 120 months of imprisonment. *See* 21 U.S.C. § 841(b)(1)(A).

Hibbert appeals, arguing the district court erred in applying the aggravating role enhancement. We affirm.

"The government bears the burden of proving by a preponderance of the evidence that the aggravating role enhancement is warranted[.]" *United States v. Lora-Andres*, 844 F.3d 781, 785 (8th Cir. 2016) (quoting *United States v. Gaines*, 639 F.3d 423, 427–28 (8th Cir. 2011)) (cleaned up). We review the district court's factual findings, including its determination of Hibbert's role in the offense, for clear error. *Id.* We review its application of the guidelines to the facts de novo. *Id.*

Under the aggravating role enhancement, when the government shows by a preponderance of the evidence that "the defendant was an organizer, leader, manager, or supervisor in any criminal activity[,]" the district court must enhance the defendant's Guidelines offense level by two. U.S.S.G. § 3B1.1(c); *accord Lora-*

---

[1]The Honorable Stephanie M. Rose, then District Judge, now Chief Judge, United States District Court for the Southern District of Iowa.

*Andres*, 844 F.3d at 785.  We interpret the words "organizer," "leader," "manager," and "supervisor" liberally.  *See United States v. McSmith*, 968 F.3d 731, 736 (8th Cir. 2020).

Hibbert argues the district court erred in applying the aggravating role enhancement because he did not hold a leadership role over Descolline.  Rather, he avers, the pair were business partners.

Hibbert does not dispute that he discussed drug prices with the undercover officer, listed what he would charge for specific drugs, and explained the underlying rationale for the drug pricing.  Hibbert also discussed his attempt to obtain marijuana from California and instructed the undercover officer to work directly with Descolline in future transactions so that Hibbert would be insulated.  However, Hibbert told the undercover officer that he would reach out directly when he received "top quality" marijuana to sell.  Hibbert was present for two of the four drug sales and equipped Descolline with rented vehicles to execute the other two drug sales.  Hibbert also rented a storage unit for the purpose of storing and packaging controlled substances.

Considering this evidence, the district court concluded that Hibbert organized, led, managed, or supervised Descolline during the drug sales.  We agree.

The aggravating role enhancement is properly applied "where it was clear that the defendant was the 'driving force' behind the crime."  *United States v. Irlmeier*, 750 F.3d 759, 764 (8th Cir. 2014) (quoting *United States v. Rodgers*, 122 F.3d 1129, 1134 (8th Cir. 1997)).  The district court found no evidence in the record showing Descolline started the drug dealing operation prior to Hibbert's involvement or that Descolline and Hibbert shared equally in the profits.  Rather, the facts showed Hibbert controlled the drug pricing, equipped Descolline with rented vehicles to carry out the drug deals, used Descolline to insulate himself from the drug sales, and rented a storage unit to support the drug dealing operation.

The district court's conclusion that Hibbert acted in an aggravating role during the drug dealing operation was not clearly erroneous.

Finding no error, we affirm the judgment of the district court.

_____