# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-2314

———————————————

United States of America

*Plaintiff - Appellee*

v.

Kevin Bailey

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Central

——————————

Submitted: April 10, 2023
Filed: July 26, 2023
[Unpublished]

——————————

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Kevin Bailey pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His offense level is 30 and his Criminal History Category is VI, resulting in an advisory guidelines range of 180 to 210 months' imprisonment and two to five years of supervised release. At sentencing, Bailey told

the district court,[1] "Your Honor, I regret for what I did and I know if you give me a chance again, I'll never touch another gun." The court sentenced Bailey to 180 months' imprisonment and five years of supervised release, explaining:

> I was prepared to give you well in excess of [the guidelines range] because you've got six convictions involving a firearm with an extensive history of violence . . . but I think a lot of that's got you to your armed career criminal status which has put you in a whole different category. So I'm going to give you the mandatory minimum in this case on the hope and belief that what you tell me is true that you don't [sic] touch another gun, but you've got a long time to make good on that promise. Upon release from imprisonment, you'll be on supervised release for a term of five years.

The court further imposed as a special condition of supervised release that Bailey participate in substance abuse treatment. Bailey appeals the sentence, arguing the supervised release term and special condition are substantively unreasonable. Reviewing the district court's sentence for an abuse of discretion, we affirm. See United States v. Hubbs, 18 F.4th 570, 571 (8th Cir. 2021) (standard of review).

A. Bailey first argues the imposition of the maximum term of supervised release along with the mandatory minimum term of imprisonment is substantively unreasonable. We disagree. Both the term of imprisonment and the term of supervised release are within the advisory guidelines range sentence and are therefore presumptively reasonable. See Rita v. United States, 551 U.S. 338, 347 (2007). The district court explained both terms based on the 18 U.S.C. § 3553(a) sentencing factors, acknowledging Bailey's positive statement that he would never touch another gun but noting that a longer term of supervised release would help ensure he keeps

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

that promise, thereby promoting respect for the law. There was no abuse of the court's substantial sentencing discretion.

B. Bailey next argues the district court abused its discretion by imposing a special condition of supervised release requiring him to participate in substance abuse treatment. The district court has broad discretion to impose a special condition that "(1) is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a)(1) and (a)(2)(B)-(D); (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a)(2)(B)-(D); and (3) is consistent with any pertinent policy statements." United States v. Floss, 42 F.4th 854, 864 (8th Cir. 2022), citing § 3583(d). "Where the basis for the special conditions can be discerned from the record, reversal is not required." United States v. Sanchez, 44 F.4th 1100, 1103 (8th Cir. 2022).

Here, assuming the issue was preserved for appeal, we conclude the court did not abuse its discretion. Though it did not make a specific finding that substance abuse treatment is reasonably related to Bailey's offense conduct, the record reveals a clear relationship. Police officers stopped Bailey's vehicle driving eastbound on a westbound street. Officers smelled marijuana when they reached the vehicle. Bailey said he had a marijuana roach in the cupholder and a firearm between the driver's seat and the center console. Search of the vehicle uncovered a loaded Taurus pistol, a marijuana blunt, a scale, a bag containing an unknown white pill, and several small baggies. Bailey further reported that he first tried marijuana at age sixteen and used it daily until age twenty-eight. Bailey cannot overcome our "formidable standard of review" because the reasons for imposing this drug treatment special condition are easily discernable from the record and relate to the § 3553(a) factors. United States v. Deatherage, 682 F.3d 755, 763 (8th Cir. 2012).

The judgment of the district court is affirmed.

_____