# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1504
_____

United States of America

*Plaintiff - Appellee*

v.

Blake Christopher Basten

*Defendant - Appellant*

_____

No. 24-1505
_____

United States of America

*Plaintiff - Appellee*

v.

Blake Christopher Basten

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri
_____

Submitted: March 17, 2025
Filed: July 10, 2025
[Unpublished]
_____

Before COLLOTON, Chief Judge, ERICKSON and GRASZ, Circuit Judges.
_____

PER CURIAM.

In the summer of 2022, law enforcement officers twice encountered Blake Basten unlawfully possessing a firearm as a convicted felon. During the second encounter, Basten and his companion sought to evade law enforcement in their car, twice striking the officer's vehicle with their car before speeding off. A high-speed chase through a residential area ensued, during which Basten fired several rounds from a 9mm-caliber pistol out the car window before he and his companion collided with another vehicle. Basten proceeded to flee on foot and hide under a vehicle until a police K9 located and bit him. Basten later admitted to law enforcement that he possessed the pistol and shot rounds to get rid of evidence.

Through a separate indictment for each incident, a grand jury indicted Blake Basten with two counts of unlawfully possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Basten pled guilty to both offenses. At sentencing, the district court[1] calculated an advisory range of 37 to 46 months of imprisonment under the United States Sentencing Guidelines (Guidelines). Several enhancements were included in the Guidelines calculation because Basten possessed multiple firearms during the charged offenses, *see* U.S.S.G. § 2K2.1(b)(1)(A), committed a state felony offense by firing a gun out of a vehicle, *see* U.S.S.G. § 2K2.1(b)(6)(B), and recklessly created a substantial risk of death or serious injury in the course of fleeing from police officers, *see* U.S.S.G. § 3C1.2.

Neither party objected to the Guidelines calculation. But the government sought a cumulative sentence of 136 months of imprisonment, while Basten sought 26 months. The government argued for an upward variance because Basten's offense conduct and criminal history were more egregious than the typical defendant

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

-2-

convicted for unlawfully possessing a firearm. Specifically, the government emphasized Basten's repeated refusal to comply with the law and his "disregard for human life" as shown by his reckless actions during the high-speed chase from police. Basten's conduct with a vehicle chase and shooting his gun was particularly troubling, the government argued, because Basten had previously been convicted for involuntary manslaughter for similar reckless conduct that led to the death of an innocent bicyclist. Basten argued a sentence below the Guidelines range was sufficient because he had accepted responsibility for his crime, his methamphetamine addiction had been the primary driver of this misconduct, and he had already served 16 months in state custody while waiting for his sentencing that would not likely be credited to his federal sentence.

After discussing the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court varied upward and sentenced Basten to 60 months of imprisonment in each case to run consecutively, for a total sentence of 120 months. Recognizing Basten's methamphetamine addiction was a mitigating factor, the district court nevertheless concluded an upward variance from the Guidelines range was justified because Basten repeatedly engaged in "highly irresponsible behavior" that put officers and the public at great risk. Basten appeals, arguing this sentence was substantively unreasonable.

We review the substantive reasonableness of a sentence under an abuse of discretion standard. *See United States v. Seys*, 27 F.4th 606, 611 (8th Cir. 2022). "A sentencing court abuses its discretion when it 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors. *Id.* (quoting *United States v. Wilcox*, 666 F.3d 1154, 1156–57 (8th Cir. 2012)). "[I]t will be the unusual case when we reverse a district court sentence — whether within, above, or below the applicable Guidelines range — as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

Basten suggests the district court abused its discretion by relying on factors already accounted for in the Guidelines. For example, Basten complains the district court justified the sharp upward variance based on the circumstances surrounding his possession of the firearms — i.e., endangering police officers and the public by recklessly fleeing and discharging his firearm — even though the Guidelines already accounted for that conduct through enhancements that added eight levels to Basten's base offense level. Basten similarly complains the district court relied on the similarity between his offense conduct and his past involuntary homicide conviction to justify the upward variance even though this prior conviction impacted his criminal history points and thus already "form[ed] a substantial basis for the recommended sentencing guideline range."

Basten's complaints run headlong into our precedent. "We have repeatedly stated that 'factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance.'" *United States v. Obi*, 25 F.4th 574, 581–82 (8th Cir. 2022) (quoting *United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012)). And "[i]t is well-settled . . . that a sentencing court may vary upward based on criminal history already accounted for by the Guidelines." *United States v. Manuel*, 73 F.4th 989, 993 (8th Cir. 2023). There was nothing improper about the district court analyzing the specifics of Basten's offense conduct and criminal history to conclude a sentence within the Guidelines range was insufficient in light of § 3553(a)'s sentencing factors.

Neither are we moved by Basten's claim that "the district court essentially disregarded" the mitigating circumstance of his "methamphetamine addiction" being a primary driver of the present offenses and his criminal history. Contrary to Basten's contention, the district court noted Basten's addiction was a mitigating factor, explaining drug usage puts people "in a different state" and causes them "to do things [they] normally don't do." The district court explained it understood "the sickness and the illness that goes along with substance abuse" and recommended Basten be allowed to participate in the Bureau of Prison's residential substance abuse

program. With this record, we refuse to conclude the district court abused its discretion by failing to consider Basten's drug addiction as a mitigating factor.

That brings us to Basten's real contention, which boils down to his disagreement with *how* the district court weighed the mitigating and aggravating factors listed in 18 U.S.C. § 3553. But a "disagreement with how the district court weighed the factors does not demonstrate abuse of discretion." *United States v. McSmith*, 968 F.3d 731, 737 (8th Cir. 2020). Here, the district court determined a sentence within the Guidelines was insufficient considering the egregious nature and circumstances of Basten's offenses, his criminal history, the need to protect the public, and the need to provide adequate deterrence. "While some judges might have imposed less, [Basten] has not shown the [120-month] sentence imposed was an abuse of discretion." *United States v. Pierson*, 73 F.4th 582, 592 (8th Cir. 2023).

We affirm the district court's judgment.

_____