# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1712
_____

United States of America

*Plaintiff - Appellee*

v.

Sephten T. McCane

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 18, 2025
Filed: October 9, 2025
[Unpublished]
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Sephten McCane pleaded guilty without a plea agreement to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The Presentence Investigation Report (PSR) calculated a total offense level of 25 which included enhancements for the number of firearms, possessing a firearm in connection with another felony offense, recklessly creating a substantial risk of death or serious

bodily injury while fleeing from law enforcement, and a reduction for acceptance of responsibility. With McCane's criminal history category of III, this resulted in an advisory guidelines sentencing range of 70 to 87 months imprisonment. At sentencing, the district court[1] adopted this guidelines determination without objection. Both parties requested a within-range sentence. The district court instead varied upward and imposed a sentence of 120 months imprisonment. McCane appeals, arguing the sentence is substantively unreasonable. Concluding the district court did not abuse its "substantial sentencing discretion," we affirm. United States v. Bell-Washington, 125 F.4th 870, 871 (8th Cir. 2025) (standard of review).

At 10:30 PM on August 30, 2023, officers observed two traffic violations and attempted to stop a Hyundai Elantra with three male occupants. The driver, later identified as McCane, began yielding when the marked police car activated its overhead lights but then accelerated and sped away with the officers in pursuit. The Hyundai continued for multiple blocks near residential areas, reaching speeds of 95 to 108 miles per hour, until it reached a dead end. The front seat passenger exited and fled on foot. McCane proceeded to drive through a grassy area for several more blocks until he stopped, abandoned the Hyundai, and fled on foot through a residential neighborhood carrying what pursuing officers thought was a black assault rifle-type pistol. One officer heard multiple gunshots. The police established a perimeter, brought K9 units, and used a police helicopter to search for McCane, who was found hiding in overgrown brush in a backyard and arrested.

The officers found $960 cash on McCane, what appeared to be cocaine and an extended magazine for a gun in the Hyundai, two shell casings near a house that McCane ran alongside, and an assault rifle-style pistol fifty yards from the casings, in the "fire" position and loaded with twenty-one 5.56 caliber rounds in the magazine

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

and one in the chamber. A warrant search of the Hyundai yielded two bags each containing over 2.5 grams of cocaine, a bag with 1.44 grams of marijuana, a digital scale, a loaded Glock Model 20 pistol with a magazine containing twenty-six rounds, and a Taurus Model G3C pistol loaded with a chambered round and a magazine containing twenty-four rounds. After initially denying firearm possession, McCane admitted that he handled the rifle he fled with and the Glock pistol but said they were left in the Hyundai by his brother, he only took the rifle to get rid of it, and the weapon fired twice when he threw it over a fence.

The PSR detailed McCane's extensive criminal history -- almost twenty prior convictions or pending charges including assault, serious driving violations, drug possession, unlawful firearm possession, and multiple high-speed or unsafe police chases. When arrested, he was on supervision for a 2020 conviction for unlawful firearm and controlled substance possession during a less dangerous incident that otherwise mirrored this offense: McCane sped and maneuvered to prevent officers from stopping his car, and police found multiple firearms in the vehicle and multiple controlled substances on his person and in the vehicle. McCane was also stopped a year earlier with his mother's gun in the vehicle. Despite having $960 cash when arrested, McCane was delinquent on his child support obligations, having paid only forty cents toward an outstanding obligation of almost $1,300.

After reviewing the PSR and the government's sentencing memorandum and hearing argument and a statement from McCane at the hearing, the district court explained why its analysis of the 18 U.S.C. § 3553(a) sentencing factors resulted in his decision to vary upward from the advisory guidelines range:

> You know, Mr. McCane, you've done some things right here. . . .
> You've taken responsibility. You've been honest with the court. . . .
> [O]therwise, the maximum statutory sentence allowed by law would be
> clearly the case here and that's 15 years. . . .

Here's what the big, big, big picture is here: The need to protect the public. So I took a lot of notes here in reading this presentence report and this file. First off, . . . we've got someone driving through a neighborhood going 108 miles per hour. Mr. McCane, that's the kind of things that keep us up at night, right? . . . [P]eople like you that drive that speed are frequently killed, as well as the other people they kill. So that is the biggest elephant in the room, 108 miles an hour driving away from law enforcement.

Of course you're on supervision . . . for unlawful possession of a firearm and possession of a controlled substance . . . and that interaction was almost the same as this. You drove off from law enforcement. You did ultimately pull over, but you did not cooperate with law enforcement. That goes to a big factor called respect for the law. You've got dope and guns in the car, which is what you had in this case . . . and you're on felony supervision for that. Then, two months after that . . . you've got a pending pursuit . . . where law enforcement had to stop pursuit because of safety concerns.

Mr. McCane, this does not look like an isolated incident. This looks like a guy who's not going to get pulled over because he's got dope and guns. . . . [Y]ou've got $960 in your pocket when you're pulled over. Meanwhile . . . your child support obligation is $32 per month for two kids. . . . [I]t says you've paid 40 cents to support your two kids. Meanwhile, you've got dope and guns and 960 bucks in your pocket. That tells a story, Mr. McCane, of what's going on here . . . . [T]his behavior is a complete disrespect for the law, that it's disrespect for the safety of the community. . . . [T]his conduct has to stop.

And you come in here and you're respectful, and I wish this Mr. McCane was the guy on the street. But this is a whole different Mr. McCane that we're talking about here. And my job is to make sure that I make decisions that are consistent with public safety, respect for the law, the need for deterrence. . . . [Y]ou're on supervision already for driving off from law enforcement and then you get in a 108-miles-per-hour pursuit.

On appeal, McCane argues the district court abused its discretion and imposed a substantively unreasonable sentence (i) "in drastically varying upward from the guideline range" based on the nature of the offense and his criminal history, "both of which were already accounted for in the guideline range," and (ii) in failing to "engage with" his arguments for a within-range sentence -- his age, lack of prior imprisonment, and the lack of serious prior criminal history. We review whether a sentence is substantively unreasonable for abuse of discretion. United States v. Maluoth, 121 F.4th 1158, 1163 (8th Cir. 2024). It is "the unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotation omitted).

"Although prior convictions are incorporated in the guidelines range, we have repeatedly stated that a sentencing court may vary upward based on criminal history already accounted for by the Guidelines." Bell-Washington, 125 F.4th at 874 (quotation omitted); see United States v. Obi, 25 F.4th 574, 581-82 (8th Cir. 2022). "Even when the government has recommended a guidelines range sentence, rather than a variance, it is the district court judge, not the Government, that is responsible for determining the appropriate sentence for a criminal defendant after considering the factors of section 3553(a)." Id. at 874 (quotation omitted). The district court did not abuse its discretion because it "considered [McCane's] mitigating factors, weighed them against his extensive criminal history and propensity for violence, and concluded that an upward variance was warranted." United States v. Hubbs, 18 F.4th 570, 573 (8th Cir. 2021).

Acknowledging that the district court stated that it had considered "all the factors" in arriving at the sentence it imposed, McCane argues the court "committed a clear weighing error by overemphasizing factors already heavily weighted in the guideline calculus while failing to address Mr. McCane's arguments for a guideline sentence." But "[a] district court has wide latitude to weigh the 18 U.S.C. § 3553(a)

sentencing factors and to assign some factors greater weight than others." <u>Maluoth</u>, 121 F.4th at 1165 (quotation omitted). "[D]isagreement with how the district court weighed the relevant sentencing factors does not justify reversal." <u>United States v. Jones</u>, 71 F.4th 1083, 1087 (8th Cir. 2023); <u>see</u> <u>Feemster</u>, 572 F.3d at 460. "We may consider the extent of any deviation from the guideline range, but . . . even extraordinary variances do not require extraordinary circumstances." <u>Bell-Washington</u>, 125 F.4th at 841 (quotation omitted).

The district court appropriately weighed the § 3553(a) sentencing factors after considering McCane's egregious offense conduct, his extensive criminal history, and relevant mitigating factors. The court neither abused its substantial sentencing discretion nor imposed a substantively unreasonable sentence when it varied upward from the advisory guidelines sentencing range. Accordingly, we affirm.

_____