# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1660

_____

United States of America

*Plaintiff - Appellee*

v.

JC Bryant, III

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 11, 2026
Filed: June 26, 2026
[Unpublished]

_____

Before COLLOTON, Chief Judge, SHEPHERD and KOBES, Circuit Judges.

_____

PER CURIAM.

JC Bryant, III, pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The district court[1] sentenced him

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

to 120 months' imprisonment.  Bryant appeals his sentence, contending that it is substantively unreasonable.  Having jurisdiction under 28 U.S.C. § 1291, we affirm.

"We review the substantive reasonableness of a sentence 'under a highly deferential abuse-of-discretion standard.'" United States v. Madrigal, 136 F.4th 766, 777 (8th Cir. 2025) (citation omitted).  "A district court abuses its discretion when it: (1) 'fails to consider a relevant factor that should have received significant weight,' (2) 'gives significant weight to an improper or irrelevant factor,' or (3) 'commits a clear error of judgment in weighing' the appropriate factors." United States v. Clay, 161 F.4th 545, 559 (8th Cir. 2025) (citation omitted).  "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Id. (alteration in original) (citation omitted).  And "where a district court has sentenced a defendant below the advisory guidelines range, 'it is nearly inconceivable that the court abused its discretion in not varying downward still further.'" United States v. Moore, 581 F.3d 681, 684 (8th Cir. 2009) (citation omitted).

Bryant's advisory United States Sentencing Guidelines range was 130 to 162 months' imprisonment.  But the district court varied downward, imposing a sentence of 120 months.  In doing so, it acknowledged that Bryant had experienced "a difficult childhood" and "very serious mental health issues" and stated that it viewed Bryant's criminal history as "slightly overstated."  But it also noted that it had "a great deal of concern about Mr. Bryant," that it was "hard not to see that [he] pose[d] a serious risk" in light of his reported unwillingness to take mental health medications, and that it was "troubling" that Bryant had been arrested for a spate of firearms-related offenses (including the instant offense) committed in close succession after completing a lengthy prison sentence.  The district court further stated that it reached its sentencing decision after "giv[ing] consideration to all of the [18 U.S.C. §] 3553(a) factors."

On appeal, Bryant argues that the district court gave too little weight to his personal characteristics—including his mental health issues and difficult

upbringing—and too much to other sentencing factors. But a sentencing court has "wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others." United States v. Hubbs, 18 F.4th 570, 572 (8th Cir. 2021) (citation omitted). And a defendant asserting a sentencing challenge "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." United States v. Sims, 171 F.4th 1044, 1049 (8th Cir. 2026) (citation omitted). Bryant does no more than that here. We find that the district court did not abuse its discretion when it imposed a smaller downward variance than Bryant would have preferred.

We granted Bryant, who has counsel for this appeal, leave to file a supplemental pro se brief. Bryant filed such a brief. We have reviewed Bryant's pro se filing and find the additional arguments it asserts meritless.

For the foregoing reasons, we affirm the judgment of the district court.

_____